STATE OF MINNESOTA *vs.* CORNELIUS KILTY.

November 14, 1881.

**Criminal Law—Obstructions on Railroad Tracks.**—If one wilfully places on a railroad track, used by and on which engines and carriages conveying persons are likely to pass, any obstruction likely to produce disaster to such engines or carriages, and to endanger the safety of the persons conveyed thereon, he is guilty of the offence described in Gen. St. 1878, *c.* 94, § 63, though no engine or carriage be actually stopped or impeded by such obstruction.

Case certified from the district court for Washington county, *Crosby*, J., presiding, under Gen. St. 1878, *c.* 117, § 11. Defendant was convicted of the crime of obstructing an engine and carriage passing upon the St. Paul, Stillwater & Taylor's Falls Railroad. The testimony, which was uncontradicted, showed that a telegraph pole was placed across the track; that the section men discovered it, and;

while they were in the act of removing it, a passenger train approached; that those in charge of the train discovered the section men removing the obstruction, and slowed the train, bringing it almost to a full stop; and that the section men succeeded in removing the pole, so that the train did not come in contact with it. The defendant requested the court to charge, "that in order to constitute an offence under the indictment in this case, the jury must find by the evidence in the case that there was an actual obstruction of the engine or carriage passing upon the railroad named in the indictment. That if the jury find that a telegraph pole was placed upon the track of the road mentioned in the indictment, by the defendant, and was removed by the section men before the arrival of the train at that point, then there was no actual obstruction of the engine and cars, within section 63 of the statute, and the defendant is not guilty of the crime charged in the indictment." The court refused so to charge, and the defendant excepted.

*William J. Hahn*, Attorney General, for the State.

*L. E. Thompson* and *C. D. O'Brien*, for defendant.

GILFILLAN, C. J. The defendant was indicted under Gen. St. 1878, *c*. 94. § 63, which reads: "Whoever shall wilfully obstruct any engine or carriage passing upon any railroad, so as to endanger the safety of persons conveyed in or upon the same, or shall assist or aid therein, shall be punished by imprisonment in the state prison not exceeding twenty years." The question here is, what does the statute mean by the words "obstruct any engine or carriage passing upon any railroad?" Does the word "obstruct" here used mean an actual stoppage or impeding the passage of such engine or carriage by its coming in collision with some obstacle placed in its way? Or is the act, which the statute declares criminal, complete when an obstacle is placed on a railway in such manner that any train in passing may strike it, and of such a character that the safety of persons conveyed will be endangered if a train come in collision with it?

The statutes of other states on this subject differ from ours in language so much that decisions upon them are hardly applicable. The statute mostly nearly like this in terms was 3 & 4 Vict. *c*. 97, § 15, which read: "Any person who shall wilfully do or cause to be

done anything in such manner as to obstruct any engine or carriage using any railway, or to endanger the safety of persons conveyed in or upon the same, or shall aid or assist therein, shall be guilty," etc. In *Regina* v. *Bradford*, Bell's Crown Cases, 268, where the defendants were indicted under that statute, they had placed across the railway a truck in such a manner that it might obstruct the passage of trains and endanger the safety of persons conveyed on them, but it was discovered and removed in time to prevent any collision. It was contended that, to constitute the crime, some engine or carriage must be absolutely obstructed. But the court held otherwise, and that to put obstructions on the railway, in such manner as was likely to cause disaster to engines and carriages using it, and endanger the safety of those conveyed, was within the statute, although no disaster actually resulted. When the character of disaster such as the statute aims to prevent, and the utter depravity evinced by acts likely to produce such disasters, are considered, this would seem to be the proper construction of such a statute. Certainly, the moral guilt of one who places on a railway obstructions likely to produce such disaster is not lessened by the fact that, through accident, or vigilance of those in charge of the railway or its trains, the disaster is averted. It is the character of the act, and not the actual consequences of it, which fixes its criminality. When the person has done the act from which, but for the interposition of some other agency than his, disaster is likely to follow, his crime, in morals, at any rate, is complete.

The obstructing declared criminal is not such only as causes injury to persons conveyed, but it is such as causes danger to them. If injury to such persons were necessary to constitute the crime, then probably an actual collision might be necessary. But, as it is the putting such persons in danger by the obstructing which the statute aims to prevent, an actual collision, or even a near approach to it, is not a necessary ingredient of the crime, if the danger to such persons may exist without it. Whenever a train sets out to pass over a railway, danger to it and to the persons conveyed exists from the existence on the track over which it must pass of any obstacle sufficient to produce a violent collision. The danger may be more or less

remote as the train is more or less distant from the obstacle, as the probability is greater or less that the obstacle may be removed in time; but it exists,—the safety of the persons conveyed is to a greater or less degree endangered. It is the fact that their safety is thus endangered, and not the degree of danger, which is a constituent of the offence. So we hold that where one wilfully places on a railroad track, used by and on which engines and carriages conveying persons are likely to pass, any obstruction likely to produce disaster to such engines or carriages, and to endanger the safety of the persons conveyed, he is guilty under section 63.

The court below was correct in refusing defendant's request for instructions, and in the instructions which it gave.

MITCHELL, J., *dissenting.* I think there must have been an actual stopping or impeding of the engine or carriage, in order to constitute the offence created by section 63.